IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| BRANDON MEYERS,<br><br>                    Plaintiff,<br><br>vs.<br><br>TARGET CORPORATION and JOHN<br>DOES 1–10,<br><br>                    Defendants. | CV 25-53-M-TJC<br><br><br>**ORDER** |

This action was originally brought by Plaintiff Brandon Meyers ("Meyers") in the Montana Eleventh Judicial District Court, Flathead County (DV-15-2025-432-WS), on March 14, 2025, against Defendants Target Corporation ("Target") and John Does 1–10. (Doc. 8.) Target timely removed the action to this Court, invoking diversity jurisdiction under 28 U.S.C. § 1332(a). (Doc. 1.) Target then moved to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 6.) The Court subsequently granted Meyers leave to amend his Original Complaint (Doc. 8), and denied Target's motion to dismiss as moot. (Doc. 13.)

Meyers filed an Amended Complaint (Doc. 14) on May 6, 2025, whereupon Target filed the Motion to Dismiss pursuant to Rule 12(b)(6) that is presently before the Court (Doc. 15). The Motion is fully briefed and ripe for the Court's review. (*See* Docs. 15, 17, 18.) For the following reasons, the Court finds Target's

1

motion should be **GRANTED** in part and **DENIED** in part.

## I.    BACKGROUND

When considering a motion to dismiss under Rule 12(b)(6), a court must accept all material allegations in the complaint as true.  *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).  The following facts are taken from Meyers' Amended Complaint.

In January 2023, Meyers was hired as the Store Director of the Target store in Kalispell, Montana.  (Doc. 14 at ¶ 10.)  Meyers, who is male, had female supervisors.  (*Id.* at ¶ 40.)  During his employment, Meyers alleges he was "treated poorly by his female coworkers and supervisors … in an embarrassing, harassing, and humiliating manner."  (*Id.* at ¶¶ 42–43.)  Meyers alleges he was subjected to "sexual harassment and inappropriate comments referencing his gender and was told that he needed to have 'big dick energy' at work."  (*Id.* at ¶ 31.)  Meyers reported this to Target Human Resources, which initiated an investigation but took no corrective action.  (*Id.* at ¶¶ 32–33.)  Meyers alleges he was treated poorly at work after his report.  (*Id.* at ¶¶ 33–34.)

On May 7, 2024, Target terminated Meyers' employment.  (*Id.* at ¶ 17.)  In the months leading up to his termination, Meyers had received favorable employment reviews, and he had completed any applicable probationary period.  (*Id.* at ¶¶ 15–16.)

Meyers' Amended Complaint presents three causes of action: wrongful termination (Count One), in violation of the Wrongful Discharge from Employment Act ("WDEA") (codified at Mont. Code Ann. §§ 39-2-901–915)[1]; retaliation (Count Two), in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") (codified at 42 U.S.C. §§ 2000e–2000e-17) and the Montana Human Rights Act ("MHRA") (codified at Mont. Code Ann. Title 49); and discrimination in employment (Count Three), in violation of Title VII and the MHRA.

## II.    LEGAL STANDARD

"Dismissal under Rule 12(b)(6) is proper only when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013). The Court's standard of review under Rule 12(b)(6) is informed by Rule 8(a)(2), which requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).

---

[1] Count One does not specify that it is based on the WDEA in the same way that Counts Two and Three specify the statutes on which they are based. (*See* Doc. 14 at 3, 4, 6.) Count One does, however, reference specific WDEA provisions (*id.* at ¶¶ 21, 23) and Meyers explicitly mentions the WDEA in his statement of facts common to all counts (*id.* at ¶ 13). It is clear, in any event, that Count One is premised on a violation of the WDEA since the viability of simultaneous WDEA and MHRA claims is a central issue in the parties' dispute over whether Meyers' Amended Complaint should be dismissed. (*See* Docs. 15, 17, 18.)

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678 (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A plausibility determination is context-specific, and courts must draw on judicial experience and common sense in evaluating a complaint. *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014). "[I]n practice, a complaint … must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

A court considering a Rule 12(b)(6) motion must accept as true the allegations of the complaint and must construe those allegations in the light most favorable to the nonmoving party. *See, e.g.*, *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). However, "bare assertions … amount[ing] to nothing more than a 'formulaic recitation of the elements' … for the purposes of ruling on a motion to dismiss, are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555). Such assertions do nothing more than state a legal

4

conclusion, even if the conclusion is cast in the form of a factual allegation. *Id.*

## III.   DISCUSSION

### A.     Consideration of Materials Outside the Pleadings

Target has filed exhibits to support its Motion to Dismiss. (Docs. 15-2, 15-3, 16-1.) Consequently, before the Court can reach a conclusion on Target's Motion, the Court must first determine whether it may consider materials presented outside the pleadings.

In general, a court cannot consider materials outside the complaint in deciding a motion to dismiss under Rule 12(b)(6). *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018); *see also Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993) ("Review is limited to the complaint; evidence outside the pleadings … cannot normally be considered in deciding a 12(b)(6) motion.") (internal quotations and citation omitted). The Federal Rules make clear that if a court does consider documents outside the pleadings, a Rule 12(b)(6) motion must be converted to a motion for summary judgment. Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) …, matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). In certain circumstances, however, extrinsic evidence may be considered without converting a Rule 12(b)(6) motion to a motion for summary judgment. *Lee v. City of Los Angeles*, 250 F.3d

668, 688–90 (9th Cir. 2001) (explaining that, pursuant to Federal Rule of Evidence 201, courts may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment).

Target has attached as exhibits, and requested that the Court take judicial notice of, right-to-sue letters that Meyers received from the Montana Human Rights Bureau ("MHRB") and the United States Equal Employment Opportunity Commission ("EEOC"), as well as the underlying charges that Meyers dual-filed with these administrative agencies.

Federal Rule of Evidence 201 allows courts to "judicially notice a fact that is not subject to reasonable dispute because it … can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Courts routinely take judicial notice of letters from government agencies that indicate a complainant has exhausted their administrative remedies and has a right to sue in state or federal court. *E.g., Wyatt v. City of Burlingame*, 2017 WL 565303, at *1 (N.D. Cal. Feb. 13, 2017); *Pruitt v. J.P. Morgan Chase & Co.*, 2016 WL 11794182, at *3 n.2 (C.D. Cal. June 30, 2016); *Vashisht-Rota v. Harrisburg Univ.*, 2023 WL 35216, at *3 (S.D. Cal. Jan. 4, 2023); *Burch v. Bellagio Hotel & Casino*, 2014 WL 4472411, at *2 n.2 (D. Nev. Sept. 9, 2014). Doing so does not convert a motion to dismiss into a motion for summary judgment. *E.g.*, *Johnson v. County of Nassau*, 411 F. Supp. 2d 171, 178 (E.D.N.Y.

6

2006); *Rullan v. N.Y.C. Dep't of Sanitation*, 2011 WL 1833335, at *1 n.1

(S.D.N.Y. May 12, 2011); *Golden v. Mgmt. & Training Corp.*, 319 F. Supp. 3d

358, 366 n.2 (D.D.C. 2018).

Meyers does not dispute the authenticity of the attached documents, nor does

he disagree that it is appropriate for the Court to take judicial notice of them.  (*See*

Doc. 17.)  Accordingly, the Court will take judicial notice of the right-to-sue letters

from the MHRB and the EEOC, as they were issued by government agencies and

their authenticity is not in question.  The Court will also take judicial notice of the

charges that Meyers dual-filed with these agencies, but such notice is limited to the

existence of the charges, the dates of their filing, and that certain allegations were

made.

Having taken judicial notice, the Court notes the following details regarding

the right-to-sue letters that are relevant in determining whether Meyers properly

states claims under Title VII, the MHRA, and the WDEA.

Meyers filed a complaint with the MHRB that was received by the agency

on May 23, 2024.  (Doc. 15-2 at 9.)  On November 19, 2024, the MHRB notified

Meyers that it was dismissing his complaint and that he had 90 days to commence

proceedings in district court.  (*Id.* at 5.)  Thus, Meyers had to file suit related to

those charges on or before February 17, 2025.  *See* Mont. Code Ann. § 49-2-512(3)

("If the charging party fails to commence a civil action within 90 days after the

dismissal has been issued, the claim is barred.").

Meyers' charge to the MHRB was dual-filed with the EEOC, which issued a dismissal to Meyers on December 16, 2024. (Doc. 16-1 at 2.) The dismissal from the EEOC informed Meyers that he had 90 days within which to file a lawsuit based on the dismissed charges, meaning he would need to file his charges on or before March 16, 2025. *See Scholar v. Pac. Bell*, 963 F.2d 264, 266–67 (9th Cir. 1992) ("The requirement for filing a Title VII civil action within 90 days from the date EEOC dismisses a claim constitutes a statute of limitations … [if a] claimant fails to file within [the] 90-day period, the action is barred accordingly.") (internal citation omitted).

## B.      Whether Meyers' Amended Complaint Fails to State a Claim

Target contends that Meyers' Amended Complaint should be dismissed in its entirety because he fails to state a claim under the WDEA, the MHRA, and Title VII. (Doc. 15-1 at 3.) Target argues that Meyers' WDEA claim cannot be maintained because the MHRA provides the sole avenue for pursuing claims that a person was discharged due to sex-based discrimination. (*Id.* at 9–12.) Target also argues that Meyers' MHRA claims are time-barred because they were not filed within 90 days of Meyers' receipt of the right-to-sue letter from the MHRB. (*Id.* at 14–15.) Finally, Target argues that Meyers' Title VII claims are time-barred because they were not filed within 90 days of Meyers' receipt of the right-to-sue

letter from the EEOC. (*Id.* at 15–16.) Because Meyers' Original Complaint was filed 88 days after the EEOC issued its right-to-sue letter, Target also argues that Meyers' Title VII claims in the Amended Complaint do not relate back to the sole charge of wrongful termination in the Original Complaint. (*Id.* at 16–18.)

Meyers, for his part, maintains that Montana law allows him to simultaneously pursue remedies under both the WDEA and MHRA (Doc. 17 at 7–8, 12); that his MHRA and Title VII claims in the Amended Complaint relate back to his Original Complaint (*id.* at 3–7); and moreover, that Target should be judicially estopped from arguing that these claims do not relate back (*id.* at 8–11). Because the Court finds that the Title VII claims do relate back, Meyers' arguments regarding judicial estoppel will not be addressed.

### 1.    Meyers' MHRA Claims are Time-Barred

Meyers was issued a right-to-sue letter from the MHRB on November 19, 2024, meaning that he needed to bring a lawsuit by February 17, 2025. Meyers' Original Complaint was filed in state court on March 14, 2025. Target argues, therefore, that the MHRA claims Meyers asserts in the Amended Complaint are time-barred.

Meyers does not dispute Target's arguments that his MHRA claims are time-barred. (*See* Doc. 17.) He also does not present any arguments of his own as to equitable tolling or estoppel such that the February 17 deadline would have been

extended.  Nor does he provide any facts to indicate that he appealed the MHRB's determination such that the February 17 deadline would be voided.

As noted above, the MHRA is clear that, "[i]f the charging party fails to commence a civil action within 90 days after the dismissal has been issued, the claim is barred."  Mont. Code Ann. § 49-2-512(3).  Accordingly, Meyers' MHRA claims are untimely and must be dismissed with prejudice.

### 2.    Meyers' Title VII Claims are Not Time-Barred

Although Meyers' Original Complaint was not filed within the 90-day deadline provided by the MHRB, it was filed within the 90-day deadline provided by the EEOC—the deadline outlined in the EEOC right-to-sue letter was March 16, 2025, and Meyers' Original Complaint was filed on March 14, 2025.  The Original Complaint does not, however, mention Title VII, the EEOC, exhaustion of administrative remedies, or that its sole count of wrongful termination is premised on federal law.  Nevertheless, if the Title VII claims in the Amended Complaint relate back to the Original Complaint, then they are not untimely because "[a]n otherwise time-barred claim in an amended pleading is deemed timely if it relates back to the date of a timely original pleading."  *ASARCO, LLC v. Union Pac. R.R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014).

Relation back is governed by Federal Rule of Civil Procedure 15(c), which provides that "[a]n amendment to a pleading relates back to the date of the original

pleading when the amendment asserts a claim or defense that arose out of the

conduct, transaction, or occurrence set out—or attempted to be set out—in the

original pleading." Fed. R. Civ. P. 15(c)(1)(B). The relation back doctrine is

applied liberally, with the goal of deciding cases on their merits rather than on

procedural technicalities. *ASARCO*, 765 F.3d at 1005. Thus, an amended pleading

can relate back even "if it includes allegations that were expressly disclaimed in

the original pleading." *Id.*

"An amended claim arises from the same conduct, transaction, or occurrence

if it will likely be proved by the same kind of evidence offered in support of the

original pleading." *Id.* at 1004 (internal quotations and citations omitted). "[T]he

original and amended pleadings [must] share a common core of operative facts so

that the adverse party has fair notice of the transaction, occurrence, or conduct

called into question." *Martell v. Trilogy Ltd.*, 872 F.2d 322, 325 (9th Cir. 1989).

Target argues that Meyers' Title VII claims in Counts Two and Three do not

relate back to his Original Complaint because, in his brief opposing Target's first

motion to dismiss, Meyers averred that the Original Complaint "encompasses

separate conduct, which is independent of the MHRA or retaliation/discrimination

claims." (Doc. 10 at 2.) Target also quotes language from Meyers' brief

indicating that the Original Complaint is based on "[f]acts independent and

separate from the facts asserted in the EEOC charge," which have "nothing to do

11

with the EEOC charge and meet the pleading standards for wrongful termination all on their own." (*Id.* at 10.) In his brief in opposition to Target's present Motion, however, Meyers asserts that "the initial Complaint asserts the same conduct and facts that the retaliation and discrimination claims assert in the Amended Complaint." (Doc. 17 at 4.)

Looking to the substance of the Original and Amended Complaints rather than the parties' characterizations of them, the Court finds that, liberally applying Rule 15(c), Meyers' Title VII claims for discrimination and retaliation in his Amended Complaint relate back to his Original Complaint. The Title VII claims clearly arise from the same common core of operative facts set out in the Original Complaint: alleged sexual discrimination experienced by Meyers during his employment with Target, and his eventual termination for reporting the discrimination.

The Original Complaint alleges that sexist comments were directed at Meyers, and that his termination by Target was in retaliation for reporting this conduct. (Doc. 8 at ¶¶ 16–17.) Similarly, the Amended Complaint alleges that Meyers experienced and then reported sexual harassment and discrimination at Target and there "was a causal connection between [Meyers'] reporting of the conduct and Target's adverse employment action." (Doc. 14 at ¶¶ 27–29, 42–45.) Thus, Meyers' new legal theories in the Amended Complaint depend on the same

12

facts set out in his Original Complaint.  *Cf. Williams v. Boeing Co.*, 517 F.3d 1120, 1132–34 (9th Cir. 2008) (explaining that new legal theories depending on different facts do not relate back).  Meyers would need to use the same kind of evidence to prove the claim in his Original Complaint as he will need to prove his Title VII claims.  The Original Complaint therefore put Target on fair notice of the conduct that forms the basis of Meyers' Title VII claims, even though these specific claims were not enumerated.  Accordingly, Meyers' Title VII claims in Counts Two and Three of the Amended Complaint are not time-barred and are not subject to dismissal on that basis.

### 3.     Meyers Fails to State a Claim under the WDEA

In briefing the present Motion to Dismiss, Target presents substantially the same argument regarding Meyers' WDEA claim as it did in briefing its motion to dismiss Meyers' Original Complaint: Meyers fails to state a claim under the WDEA because claims of wrongful discharge due to sexual discrimination can only be brought under the MHRA.  (Doc. 6-1 at 6–8; Doc. 15-1 at 9–12.)  In response, Meyers argues that plaintiffs can pursue simultaneous WDEA and MHRA claims, and that his WDEA claim need only be dismissed if and when the Court reaches an affirmative determination that Meyers' termination violated the MHRA.  (Doc. 17 at 12.)

/ / /

In general, the WDEA "provides the exclusive remedy for a wrongful discharge from employment."  Mont. Code Ann. § 39-2-902.  The WDEA does not apply, however, to a discharge "that is subject to any other state or federal statute that provides a procedure or remedy for contesting the dispute," including statutes, like the MHRA, that prohibit unlawful employment actions based on sex.  § 39-2-912(1)(a).

The MHRA provides the "exclusive remedy" for any of the acts it lists as prohibited discriminatory practices.  § 49-2-512(1).  These prohibited practices include retaliation for filing complaints of sexual discrimination, § 49-2-301, as well as sex-based employment discrimination of any kind, § 49-2-303(1)(a).  As noted above, the MHRA also contains specific administrative procedures that must be followed before a person can file a lawsuit based on violations of the MHRA.  §§ 49-2-501–512.  Because of this, litigants may attempt "to characterize a claim in such a way so as to avoid the exclusive procedures set forth in the MHRA."  *Lay v. Mont. Dep't of Mil. Affs.*, 351 P.3d 672, 675 (Mont. 2015).

As this Court has previously noted, "[t]he relationship between the competing exclusivity provisions of the WDEA and other state or federal anti-discrimination statutes is not easy to delineate."  *Rhoten v. Rocking J. Ranch, LLC*, 2021 WL 5447665, at *4 (D. Mont. Nov. 22, 2021).  There are, nevertheless, some general rules:

> If the WDEA claim alleges that the discharge was the result of the same discriminatory conduct prohibited by the MHRA, then the MHRA's exclusivity provisions go into effect and the WDEA claim must be dismissed. If, on the other hand, the WDEA claim alleges that the discharge was the result of non-discriminatory conduct separate and distinct from the discriminatory conduct supporting the MHRA claim, then both may proceed until an affirmative determination on the MHRA claim is made.

*Id.* at *6.

Essentially, a plaintiff is permitted to bring simultaneous WDEA and MHRA claims so long as the gravamen of the WDEA claim is something other than that the discharge was the result of discrimination prohibited by the MHRA. If the Court at some point determines that Meyers' termination resulted from sex-based discrimination, then his WDEA claim must be dismissed. But, at this stage, there has been no determination regarding the cause of Meyers' discharge, so the WDEA claim cannot be dismissed on that basis. Instead, the Court must look to the substance of Meyers' WDEA claim to determine if it alleges sex discrimination and thereby spurs the MHRA's exclusivity provisions. *See Lay*, 351 P.3d at 675 ("In determining whether the MHRA is applicable, we look to the gravamen of the party's complaint, as opposed to the party's characterization of [their] claims.").

Meyers does not refer to sex discrimination or retaliation in Count One. Instead, Meyers asserts that Target lacked good cause for terminating him and violated its own written personnel policies in doing so. (Doc. 14 at ¶ 19.) Meyers' WDEA claim recites, nearly word-for-word, elements of wrongful discharge

enumerated at Mont. Code Ann. §§ 39-2-904(1)(b)–(c).  (Doc. 14 at ¶¶ 19–20.)  On the whole, Count One consists of little more than legal conclusions asserting that Target "manufactured pretextual reasons" for Meyers' termination and that his termination was wrongful.  (*Id.* at ¶¶ 18, 22.)  Thus, Meyers' WDEA claim lacks sufficient factual context to allow the Court to draw an inference that the legal claims he asserts are supported.  It is on this basis that Meyers' WDEA claim must be dismissed at this juncture—not because it is excluded by the MHRA, but because it contains virtually no factual support to state a claim under the WDEA.

That said, it is conceivable that Meyers will be able to bring forth factual allegations supporting his WDEA claim that have nothing to do with violations of the MHRA or Title VII.  For instance, Meyers alleges that Target violated its personnel policy in discharging him—an act prohibited by the WDEA—without specifying which provisions Target allegedly violated.  The Court, therefore, has no basis to evaluate whether Meyers can plausibly state a WDEA claim based on Target's violations of its personnel policy that is wholly separate from a sex discrimination or retaliation claim.  The Court also notes that the charges Meyers dual-filed with the MHRB and EEOC contain factual allegations regarding Meyers' termination that appear unrelated to discrimination.  (*See* Doc. 15-2 at 9–10.)

/ / /

Therefore, because the Court does not find that amendment of Meyers' WDEA claim would necessarily be futile, this claim is dismissed without prejudice and with leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.").

## IV.    CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** Target's Motion to Dismiss (Doc. 15) be **GRANTED** in part and **DENIED** in part as follows:

1.  Meyers' MHRA claims in Counts Two and Three of the Amended Complaint are dismissed with prejudice.

2.  Meyers' WDEA claim in Count One of the Amended Complaint is dismissed without prejudice and with leave to amend. If Meyers chooses to file a second amended complaint, he must do so within 14 days of this Order, or the Court will dismiss the claim with prejudice.

3.  Target's Motion to Dismiss Meyers' Title VII claims in Counts Two and Three is denied.

DATED this 10th day of February, 2026.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge